IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DAWN HUGHES-TEAGUE                                                                            PLAINTIFF

vs.                                              Civil No. 6:06-CV-06060

MICHAEL J. ASTRUE[1]                                                                          DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Dawn Hughes-Teague ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Robert T. Dawson referred this case the Honorable Barry A. Bryant for the purpose of making a report and recommendation.  The Court, having reviewed the entire transcript and relevant briefing, recommends that the ALJ's determination be **AFFIRMED.**

**1. Background:**

Plaintiff filed her original application for DIB on March 24, 2004 and filed an amendment to that application on April 23, 2004.  (Tr. 50-54).  In this application and in other documents filed

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

with the SSA, Plaintiff alleges she is disabled because she suffers from seizures and depression.[2] (Tr. 80-84).  At the administrative hearing, Plaintiff also claimed that she suffers from panic attacks causing her to be disabled.[3]  (Tr. 205).  For the purposes of her DIB claim, Plaintiff's date last insured was March 31, 2000.  (Tr. 11).

Plaintiff's application was initially denied on June 11, 2004 and was denied again on reconsideration on October 21, 2004.  (Tr. 26-29).  Plaintiff requested an administrative hearing which was held on December 7, 2005, in Hot Springs, Arkansas.  (Tr. 42-44, 191-215).  Plaintiff was present and was represented by an attorney, Alan Nussbaum, at the hearing.  *See id.*  Plaintiff, Plaintiff's husband (Britt Hughes), and David Elmore, a vocational rehabilitation specialist and a vocational expert ("VE"), testified at this hearing.  (Tr. 191-215).

On May 25, 2006, the Administrative Law Judge ("ALJ") issued a written opinion.  (Tr. 11-18).  The ALJ found that Plaintiff met the disability insured status requirements of the Act from January 31, 1999 through March 31, 2000.  (Tr. 17, Finding 1).  The ALJ found that Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date.  (Tr. 17, Finding 2).  The ALJ found that Plaintiff has the severe impairments of epilepsy and chronic anxiety and has a history of drug abuse.  (Tr. 17, Finding 3).  However, the ALJ also found that Plaintiff's severe impairments do not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4 ("Listings").  (Tr. 17, Finding 3).  The ALJ found that, at the time of

---

[2] Plaintiff made these claims in her "Disability Supplemental Interview Outline." (Tr. 80-84). Although there are several reports included in the transcript for her disability appeal, there are no records in the transcript indicating that Plaintiff ever filed an initial "Disability Report" which would have included all of Plaintiff's claimed disabilities and her alleged onset date.

[3] Plaintiff argues extensively in her briefing that she suffers from a mental impairment that should have been evaluated by the ALJ. (Doc. No. 10, Page 14). Plaintiff, however, did not claim she had a mental impairment in her application, in any of the other documents filed with the SSA, or in her testimony at the administrative hearing.

the hearing, Plaintiff was twenty-eight (28) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2007). (Tr. 18, Finding 8). The ALJ also found that, at the time of the hearing, Plaintiff had a high school equivalent education (G.E.D.), which is defined as a "high school (12th and above)" education under 20 C.F.R. § 404.1564. (Tr. 18, Finding 9).

In his written opinion, the ALJ evaluated Plaintiff's subjective complaints, determined Plaintiff's Residual Functional Capacity ("RFC"), and concluded that Plaintiff cannot perform her Past Relevant Work ("PRW"). (Tr. 17, Findings 4-7). First, the ALJ applied the five factors from *Polaski v. Heckler,* 739 F.2d 943 (8th Cir. 1984), and evaluated Plaintiff's subjective complaints. (Tr. 15-16). The ALJ determined, based upon this *Polaski* analysis, that Plaintiff's subjective allegations were not "borne out by the overall evidence" and that such complaints of pain were "found not to be fully credible to the extent alleged." (Tr. 15, 17, Finding 4). The ALJ based this determination upon (1) Plaintiff's ability to perform a wide range of daily activities, (2) Plaintiff's poor work record, and (3) the inconsistencies in Plaintiff's medical records. (Tr. 15-16). The ALJ also found, based upon his credibility determination, that Plaintiff retains the RFC to perform a wide range of light work, including the following:

> Lifting no more than twenty pounds at a time with frequent lifting or carrying objects weighing up to ten pounds. . . . a good deal of walking or standing or sitting most of the time with some pushing and pulling of arm or leg controls. . . . [with] the following limitations: (1) seizure restrictions (which include avoiding unprotected heights, open and dangerous machinery, and the operation of automotive equipment or carrying firearms[)]; (2) the need for a low stress job; (3) an absence of 1 work day per month on the average due to her seizure disorder; and (4) the following mental limitations: "moderate" limitations in her ability to understand, remember, and carry out short, simple instructions; to make judgments on simple work-related decisions, to respond to work pressures and to changes in a routine work setting, and to interact appropriately with the public, with co-workers, and with her supervisors.

(Tr. 16, 17, Finding 7). The ALJ determined that, based upon this RFC determination, Plaintiff had

no transferrable skills, and Plaintiff would not be able to perform her PRW. (Tr. 17-18, Findings 6, 10).

Next, the ALJ determined whether Plaintiff would be able to perform work that exists in significant numbers in the national economy. (Tr. 16-18). The VE testified at Plaintiff's hearing regarding this issue. *See id.* The VE testified that a hypothetical female the same age as Plaintiff, with the same education, past work experience, and RFC would be able to perform light, unskilled work as a "Cashier II" (there are 9,100 such jobs in Arkansas and over 960,000 in the nation) and as a "Office Helper" (there are 1,200 such jobs in Arkansas and over 162,000 in the nation). (Tr. 18, Finding 11). Based upon these findings, the ALJ determined that Plaintiff was not disabled. (Tr. 18, Finding 12).

On June 1, 2006, Plaintiff requested that the Appeals Council review the ALJ's May 25, 2006, hearing decision. (Tr. 7). The Appeals Council declined to review this decision, and the ALJ's disability determination became the final decision in this case. *See id.* Subsequently, Plaintiff filed the present action. (Doc. No. 1). This case was referred to the undersigned on February 20, 2007. Plaintiff and Defendant have both filed appeal briefs. (Doc. Nos. 10-11). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff raises four points on appeal, claiming (A) the ALJ erred by failing to properly consider Plaintiff's low I.Q. scores and by failing to properly consider whether Plaintiff meets the requirements of Listing 12.05C (Mental Retardation); (B) the ALJ erred by ignoring Plaintiff's treating doctor's findings; (C) the ALJ erred by failing to fully and fairly develop the record; and (D) the ALJ failed to properly question the VE, and the VE failed to "properly explain the difference between his assessment of the plaintiff's vocational opportunities as telephone solicitor and cashier when read with the general education requirement for telephone solicitor and cashier II as defined in the DOT."  (Doc. No. 10, Pages 14-15).  This Court will address Plaintiff's four arguments in order.

### A. Plaintiff's Claimed Mental Impairment

Plaintiff contends that the ALJ improperly ignored her low I.Q. scores, as measured by Dr. Boyd, and failed to properly consider whether she meets or equals the listed impairment at 12.05C. (Doc. No. 10, Page 14).  On April 5, 2007, Plaintiff also filed a "Notice of Significant Authority" and the slip opinion from the Eighth Circuit's decision in *Nicola v. Astrue,* 480 F.3d 885 (8th Cir. 2007).  (Doc. No. 12).  In this Notice, Plaintiff argues that the ALJ erred by failing to properly consider Plaintiff's borderline intellectual functioning.  *See id.*  Plaintiff claims that *Nicola* requires

6

that the ALJ perform a "psychiatric review technique analysis" when evaluating a claimant's borderline intellectual functioning. *See id.; see also* 20 C.F.R. § 416.920a. Plaintiff claims that the ALJ did not perform this analysis in Plaintiff's case, and that this case should, therefore, be reversed and remanded to the ALJ. *See id.* In response, Defendant contends that the ALJ properly considered Plaintiff's I.Q. scores and her borderline range of intelligence and properly incorporated Plaintiff's limitations into his hypothetical to the VE. (Doc. No. 11, Pages 2-4). Defendant argues that Plaintiff's I.Q. score is much higher than threshold I.Q. score of Listing 12.05C and that Plaintiff clearly does not meet the requirements of this Listing. *See id.*

In the present action, Plaintiff only applied for DIB, and her date last insured was March 31, 2000. (Tr. 50-54). In cases where the claimant only applies for DIB, the claimant is required to prove his or her case by his or her date last insured. *See Pyland v. Apfel,* 149 F.3d 873, 876-77 (8th Cir. 1998). Thus, Plaintiff in this case was required to prove her case by March 31, 2000, her date last insured. Dr. Sam Boyd's report, dated March 20, 2006, is the only report Plaintiff uses in support of her claim that she suffers from a low I.Q., a borderline range of intelligence, and mental retardation. (Doc. No. 10, Page 14). This report is dated nearly *six years after* Plaintiff's date last insured, and Plaintiff cannot use this report to prove that she is disabled. Absent other proof of a mental impairment, dated prior to Plaintiff's date last insured, Plaintiff cannot establish that she suffered from a medically determinable mental impairment during the relevant time period. Pursuant to 20 C.F.R. § 416.920a, the ALJ is *only required* to apply the full psychiatric review technique analysis when a plaintiff can establish that he or she has a medically determinable mental impairment during the relevant time period.[4] Therefore, because Plaintiff cannot establish that she suffered from

---

[4] In *Nicola,* the plaintiff did establish that she had a medically determinable mental impairment during the relevant time period. 480 F.3d at 887. Thus, in *Nicola,* the ALJ was required to conduct this full analysis. *See id.*

7

a medically determinable mental impairment during the relevant time period, the ALJ was not required to apply the full psychiatric review technique analysis, and the ALJ did not err in failing to further evaluate Plaintiff's claimed mental impairment. *See id.*

### B. Plaintiff's Treating Physician's Findings

Plaintiff also claims that the ALJ erred by ignoring her treating physician's findings. (Doc. No. 10, Page 14). Specifically, Plaintiff claims the ALJ erred by failing to afford sufficient weight to Plaintiff's treating physician's "neurological insight into the plaintiff's restrictions, especially those of getting along with coworkers." *See id.* In response, Defendant argues that the ALJ *did* properly consider the opinions of Plaintiff's treating physician, Dr. Koehn, and even adopted Dr. Koehn's functional assessment that was rendered on November 11, 2005. (Doc. No. 11, Pages 5-6). Defendant also notes, in response to this argument, that "the ALJ specifically stated that with regard to the opinions of Plaintiff's treating physician, Dr. Martin Koehn, 'I have given great weight to his opinions in accordance with Social Security Regulations and 8th Circuit Rulings . . . '" (Doc. No. 11, Page 5).

This Court finds Defendant's arguments persuasive. Plaintiff has provided no basis to support her claim that the ALJ improperly discounted the opinions of her treating physician, Dr. Koehn. Plaintiff has also not indicated which opinions the ALJ improperly discounted. Plaintiff only vaguely claims that Dr. Koehn offers "neurological insight into plaintiff's restrictions," but Plaintiff does not state what those "insights" are or how they may have impacted the ALJ's disability determination.

### C. ALJ's Development of the Record

Plaintiff claims the ALJ failed to "fully and fairly" develop the record by failing to seek a neurologist's expert opinion to assess the "full extent and nature of the plaintiff's grand-mal seizures

8

and their impact on her ability to work." (Doc. No. 10, Pages 14-15). In response, Defendant claims that the records of Plaintiff's treating physician, Dr. Koehn, "provided the ALJ [with] more than sufficient evidence to render an informed decision" and that the ALJ was not required to obtain any additional medical records. (Doc. No. 10, Pages 14-15).

In order for a plaintiff to establish that a case should be reversed and remanded to the ALJ due to the ALJ's failure to fully and fairly develop the record, a plaintiff must establish that he or she was prejudiced by the ALJ's failure to develop the record. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993). Plaintiff has not indicated to this Court how she was prejudiced by the ALJ's claimed failure to develop the record. Plaintiff merely claims that the ALJ failed to develop the record. (Doc. No. 10, Page 15). This showing is insufficient. Absent a showing of prejudice, this Court should not reverse and remand Plaintiff's case because the Plaintiff claims the ALJ potentially failed to develop the record. *See Onstad,* 999 F.2d at 1234.

### D. Hypothetical to the Vocational Expert

Plaintiff also claims the ALJ erred by failing to properly question the VE. (Doc. No. 10, Page 15). Plaintiff claims both that the ALJ failed to include all of her limitations, specifically her limitation in her ability to work around coworkers, in his hypothetical to the VE and that the VE "failed to properly explain the difference between his assessment of the plaintiff's vocational opportunities as telephone solicitor and cashier." *See id.* In response, Defendant claims that the ALJ's hypothetical question to the VE "properly incorporated Plaintiff's functional limitations that are supported by the record." (Doc. No. 11, Page 7). Defendant also argues that the VE's testimony is consistent with the job descriptions in the DOT and that the VE was not required to explain the differences between his assessment and the general educational requirements of these jobs as they are defined in the DOT. *See id.* at 11.

In his hypothetical to the VE, the ALJ stated that Plaintiff has a "moderate" limitation in her ability "to interact appropriately with the public, *co-workers*, and with her supervisors." (Tr. 18, Finding 7) (emphasis added). Since the ALJ specifically included, as a part of this hypothetical, a limitation in Plaintiff's ability to work around her co-workers, it is unclear why Plaintiff raises this issue on appeal. Without further explanation, this Court finds no error in the ALJ's treatment of this limitation. Furthermore, this Court finds no error with the VE's testimony regarding the jobs the VE found Plaintiff could perform. The VE determined, based upon Plaintiff's age, education, and RFC, that Plaintiff could perform work as either a "Cashier II" or as a "Office Helper." (Tr. 212-213). The VE also testified that his findings were consistent with the *Dictionary of Occupational Titles* (DOT). *See id.* This testimony constitutes substantial evidence to support the ALJ's disability determination. *See Wheeler v. Apfel,* 224 F.3d 891, 897 (8th Cir. 2000). The VE is not required to explain the differences, if any, between his assessment and the general educational requirements of the jobs as defined in the DOT in order for the ALJ's disability determination to be supported by substantial evidence. *See id.* Plaintiff's claim that this showing is required is incorrect. *See id.* Furthermore, Plaintiff has not indicated to this Court *how* the VE's findings are inconsistent with the DOT or even *if* his findings are inconsistent and whether the Court is required to reverse and remand on this basis.

 **4. Conclusion:**

Based on the foregoing, I find that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and I recommend that the ALJ's decision be affirmed.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See  *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

      **ENTERED** this **22nd day of August, 2007.**

                                                /s/   Barry A. Bryant
                                          HON. BARRY A. BRYANT
                                          U.S. MAGISTRATE JUDGE